IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 20-6099 |
| v. | : | |
| JACK HRYNKO | : | CRIMINAL ACTION NO. 10-105 |

### MEMORANDUM

**Padova, J.**                                                                                              **July 29, 2021**

Before the Court is Jack Hrynko's pro se second or successive Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (the "Motion"), which includes a request that we appoint counsel in connection with the Motion. The Government has filed an opposition to the Motion. For the following reasons, we deny Hrynko's Motion, including his request for counsel.

**I.     BACKGROUND**

On March 23, 2010, Hrynko pled guilty to one count of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of carrying and using a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2. The charges stemmed from Hrynko's involvement in the gunpoint robbery of a pizza shop. On January 24, 2011, we sentenced Hrynko to 204 months of imprisonment, which consisted of 120 months of imprisonment on the Hobbs Act count and a mandatory consecutive sentence of 84 months on the § 924(c) count.

In 2015, Hrynko filed his first § 2255 motion, which we dismissed as untimely. Subsequently, the United States Court of Appeals for the Third Circuit authorized Hrynko to file a second or successive § 2255 motion, finding that he had made a prima facie showing that his proposed motion sought to raise a claim pursuant to the United States Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), which established a new rule of constitutional

law made retroactive to cases on collateral review. Hrynko's Motion was therefore filed in this Court.

## II.     LEGAL STANDARD

Hrynko moves for relief pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "[I]n habeas cases the general rule is that the petitioner himself bears the burden of proving that his conviction is illegal." United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977) (citations omitted). In order to prevail on a § 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005) (quoting Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)).

## III.    DISCUSSION

### A.     Hobbs Act Robbery as a Crime of Violence Under § 924(c)

Hrynko pled guilty to Hobbs Act robbery and aiding and abetting, as well as carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation

2

to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.'" Davis, 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(1)(A)); see also 18 U.S.C. § 924(c)(1)(A). Section 924(c) defines a "crime of violence" as a felony that satisfies either (1) the elements clause, which states that the offense "'(A) ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another,'" or (2) the residual clause, which states that the offense "'(B) by its nature, involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" Davis, 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(3)). However, in Davis, the Supreme Court held that the latter definition—the residual clause—was unconstitutionally vague, leaving only the elements clause intact. Id. at 2336. Accordingly, to constitute a crime of violence under § 924(c), an offense must have "an element [of] the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Relying on Davis, Hrynko appears to argue that his § 924(c) conviction was unconstitutional because it was predicated on his Hobbs Act robbery and Hobbs Act robbery does not qualify as a crime of violence under the elements clause.[1] See Liggon-Redding v. Est. of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011) (requiring the court to liberally construe pro se filings) (citation omitted). Since issuing Hrynko a certificate of appealability, the Third Circuit has

---

[1] Hrynko also appears to rely on Davis to argue that conspiracy to commit Hobbs Act robbery is not a crime of violence and that he erroneously received an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because "Hobbs Act robbery is not enough to trigger the ACCA enhancement." (Mot. at 4.) However, Hrynko was not charged with or convicted of a conspiracy offense. Therefore, we need not address how conspiracy to commit Hobbs Act robbery should be treated under § 924(c). Similarly, Hrynko's assertion that he was sentenced as an Armed Career Criminal is factually inaccurate, as we did not sentence him pursuant to ACCA. (See PSI at 6.) Accordingly, we reject his argument that he is entitled to habeas relief because Davis dictates that Robbs Act robbery cannot support an ACCA enhancement.

addressed this question directly and has held that Hobbs Act robbery is indeed a crime of violence under the surviving elements clause. See United States v. Walker, 990 F.3d 316, 319 (3d Cir. 2021); id. at 326 ("[W]e conclude that completed Hobbs Act robbery necessarily has as an element the use, attempted use, or threatened use of physical force against the person or property of another and is therefore categorically a crime of violence."). Therefore, contrary to Hrynko's contention, Hobbs Act robbery constitutes a crime of violence within the statutory definition of § 924(c) and thus could support a conviction under that statute. See id.; see also United States v. Robinson, Crim. A. No. 14-455, 2021 WL 2633629, at *2 (E.D. Pa. June 25, 2021) ("The issue, then, is whether a Hobbs Act robbery is a crime of violence after Davis. It is." (citing Walker, 990 F.3d at 324-25)).

Moreover, the fact that Hrynko's Hobbs Act robbery conviction was based on aiding and abetting does not alter our conclusion. A "conviction for aiding and abetting is . . . treated as a conviction for the crime" and, therefore, a conviction based on aiding and abetting Hobbs Act robbery "qualifies as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)." United States v. McKelvey, 773 F. App'x 74, 75 (3d Cir. 2019); see also United States v. Green, 467 F. Supp. 3d 252, 257 (M.D. Pa. 2020) ("Whether [the petitioner] was convicted as an aider and abettor or as the principal is of no moment: either way, he is treated as having personally committed the substantive offense of armed bank robbery. . . . Thus, assuming *arguendo* that the jury convicted [him] of armed bank robbery on an aiding-and-abetting theory, those convictions qualify as predicate offenses under Section 924(c)'s elements clause." (citations omitted)). Therefore, Hrynko's Hobbs Act robbery conviction constitutes a crime of violence under § 924(c), and Davis does not dictate that his sentence is unconstitutional.

B. <u>Aiding & Abetting and Lack of Federal Nexus</u>

In addition to his arguments pursuant to <u>Davis</u>, Hrynko asserts that the Court erred in convicting him of aiding and abetting because no other person was tried or convicted. He further maintains that his robbery of a pizza shop did not sufficiently affect interstate commerce, as is necessary to establish a federal offense. However, the basis for our authority to address his second or successive Motion rests on the new rule of law set forth in <u>Davis</u>. Because his aiding and abetting and interstate commerce arguments are wholly unrelated to <u>Davis</u>, we lack jurisdiction to address them. See <u>Evans v. United States</u>, Crim. A. No. 95-434, 2020 WL 3287030, at *11 (E.D. Pa. June 18, 2020) ("Because none of the additional claims [the petitioner] seeks to raise in his filings were, or could have been, authorized by the Third Circuit based on the new rule announced by the Supreme Court in <u>Davis</u>, and since the period for timely filing a § 2255 motion has long since passed, the Court does not have jurisdiction to entertain any of these claims." (citations omitted)).

C. <u>Request to Appoint Counsel</u>

Hrynko also asks that we appoint counsel due to the complexity of the issues raised in his Motion and the lack of available resources due to the COVID-19 pandemic. Pursuant to 18 U.S.C. § 3006A(a)(2), the district court may appoint counsel where "justice so require[s]." <u>Id.</u> To determine if justice requires the appointment of counsel, we consider "'whether the petitioner has presented a non-frivolous claim, whether the appointment of counsel would benefit the petitioner and the Court, the complexity of the factual and legal issues, and the petitioner's ability to investigate the facts and present claims.'" <u>Proffitt v. Marler</u>, Civ. A. No. 18-705, 2019 WL 331680, at *5 (E.D. Pa. Jan. 22, 2019) (quoting <u>Tate v. Link</u>, Civ. A. No. 17-365, 2017 WL 1363335, at *3 (E.D. Pa. Mar. 21, 2017)). Here, we conclude that justice does not require the

appointment of counsel because the issues are not complex and Hrynko's Motion is without merit for the reasons discussed above. As a result, counsel would not be beneficial to either Hrynko or the Court.

## IV. CONCLUSION

For the foregoing reasons, we deny Hrynko's Motion, including his request that counsel be appointed. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.